

ENTERED
06/30/2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| COVIA HOLDINGS CORPORATION, | ) ) | Case No. 20-33295 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 13-2656671 | ) ) | |
| In re: | ) ) | Chapter 11 |
| ALPHA RESINS, LLC, | ) ) | Case No. 20-33318 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 45-1587503 | ) ) | |
| In re: | ) ) | Chapter 11 |
| BEST SAND CORPORATION, | ) ) | Case No. 20-33300 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 34-0097535 | ) ) | |
| In re: | ) ) | Chapter 11 |
| BEST SAND OF PENNSYLVANIA, INC., | ) ) | Case No. 20-33297 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 34-1858538 | ) ) | |
| In re: | ) ) | Chapter 11 |
| BISON MERGER SUB I, LLC, | ) ) | Case No. 20-33296 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 83-1023107 | ) | |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BLACK LAB LLC, | ) ) | Case No. 20-33301 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 45-2379715 | ) ) | |
| In re: | ) ) | Chapter 11 |
| CHEYENNE SAND CORP., | ) ) | Case No. 20-33305 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 59-2248927 | ) ) | |
| In re: | ) ) | Chapter 11 |
| CONSTRUCTION AGGREGATES CORPORATION OF MICHIGAN, INC., | ) ) ) | Case No. 20-33303 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 59-2248904 | ) ) | |
| In re: | ) ) | Chapter 11 |
| COVIA FINANCE COMPANY LLC, | ) ) | Case No. 20-33302 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 84-3945246 | ) ) | |
| In re: | ) ) | Chapter 11 |
| COVIA SPECIALTY MINERALS INC., | ) ) | Case No. 20-33299 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 06-1281071 | ) | |

2

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FAIRMOUNT LOGISTICS LLC, | ) ) ) | Case No. 20-33293 (DRJ) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 47-4746687 | ) ) |  |
| In re: | ) ) | Chapter 11 |
| FAIRMOUNT MINERALS, LLC, | ) ) ) | Case No. 20-33310 (DRJ) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 27-4186724 | ) ) |  |
| In re: | ) ) | Chapter 11 |
| FAIRMOUNT SANTROL INC., | ) ) ) | Case No. 20-33313 (DRJ) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 34-1513710 | ) ) |  |
| In re: | ) ) | Chapter 11 |
| FML RESIN, LLC, | ) ) ) | Case No. 20-33298 (DRJ) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 46-3262529 | ) ) |  |
| In re: | ) ) | Chapter 11 |
| FML SAND, LLC, | ) ) ) | Case No. 20-33304 (DRJ) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 46-3258925 | ) |  |

26203306v.2 153997/00002

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FML TERMINAL LOGISTICS, LLC, | ) | Case No. 20-33307 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-3272546 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FMSA INC., | ) | Case No. 20-33315 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-3169962 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MINERAL VISIONS INC., | ) | Case No. 20-33316 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-2479524 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SELF-SUSPENDING PROPPANT LLC, | ) | Case No. 20-33306 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-2684583 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SHAKOPEE SAND LLC, | ) | Case No. 20-33309 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 90-1111769 | ) | |

4

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SPECIALTY SANDS, INC., | ) | Case No. 20-33311 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 38-3228406 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| STANDARD SAND CORPORATION, | ) | Case No. 20-33319 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-2899545 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TECHNISAND, INC., | ) | Case No. 20-33320 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 34-1684239 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WEDRON SILICA COMPANY, | ) | Case No. 20-33308 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 34-1440302 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WEST TEXAS HOUSING LLC, | ) | Case No. 20-33312 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-4909625 | ) | |

5

26203306v.2 153997/00002

| | |
|---|---|
| In re: | Chapter 11 |
| WEXFORD SAND CO., | Case No. 20-33314 (DRJ) |
| Debtor. | |
| Tax I.D. No. 38-2096445 | |
| In re: | Chapter 11 |
| WISCONSIN INDUSTRIAL SAND COMPANY L.L.C., | Case No. 20-33317 (DRJ) |
| Debtor. | |
| Tax I.D. No. 31-1502704 | |
| In re: | Chapter 11 |
| WISCONSIN SPECIALTY SANDS, INC., | Case No. 20-33294 (DRJ) |
| Debtor. | |
| Tax I.D. No. 20-3345064 | (Docket No. 2) |

**ORDER (I) DIRECTING JOINT ADMINISTRATION
OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

6

Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 20-333295 (DRJ).  All of the jointly administered cases not previously assigned to Judge Jones are transferred to Judge Jones.

2. Additionally, the following checked items are ordered:

(1) ☒ One disclosure statement and plan of reorganization may be filed for all of the cases by any plan proponent.

(2) ☒ Parties may request joint hearings on matters pending in any of the jointly administered cases.

(3) ☒ Other:  See below.

3. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COVIA HOLDINGS CORPORATION, *et al.*,[1] | ) Case No. 20-33295(DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the dockets of each of the Debtors, other than Covia Holdings Corporation, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Covia Holdings Corporation, Case No. 20-33295; Alpha Resins, LLC, Case No. 20-33318; Best Sand Corporation, Case No. 20-33300; Best Sand of Pennsylvania, Inc., Case No. 20-33297; Bison Merger Sub I, LLC, Case No. 20-33296; Black Lab LLC, Case No. 20-33301; Cheyenne Sand Corp., Case No. 20-33305; Construction Aggregates Corporation of Michigan, Inc., Case No. 20-33303; Covia Finance Company LLC, Case No. 20-33302; Covia Specialty Minerals Inc., Case No. 20-33299; Fairmount Logistics LLC, Case No. 20-33293; Fairmount Minerals, LLC, Case No. 20-33310; Fairmount Santrol Inc., Case No. 20-33313; FML Resin, LLC, Case No. 20-33298; FML Sand, LLC, Case No. 20-33304; FML Terminal Logistics, LLC, Case No. 20-33307; FMSA Inc. 20-33315; Mineral Visions Inc. 20-33316; Self-Suspending Proppant LLC 20-33306; Shakopee Sand LLC, Case No. 20-33309; Specialty Sands, Inc., Case No. 20-33311; Standard Sand Corporation, Case No. 20-33319; Technisand, Inc., Case No. 20-33320; Wedron

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/Covia. The location of Debtor Covia Holdings Corporation's principal place of business and the Debtors' service address is: 3 Summit Park Drive, Suite 700, Independence, Ohio 44131.

26203306v.2 153997/00002

Silica Company, Case No. 20-33308; West Texas Housing LLC, Case No. 20-33312; Wexford Sand Co., Case No. 20-33314; Wisconsin Industrial Sand Company L.L.C., Case No. 20-33317; and Wisconsin Specialty Sands, Inc., Case No. 20-33294. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-333295 (DRJ).**

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. The Debtors shall be permitted to file their monthly operating reports required by the *Region 7 Guidelines for Debtors-in-Possession* on a consolidated basis; *provided* that disbursements will be listed on a Debtor-by-Debtor basis.

8. Any party in interest may request joint hearings on matters pending in any of these chapter 11 cases.

9. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases and the rights of all other parties in interest to object to such relief.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: June 30, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**